# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **RICKY DARNELL GRAY**<br>    Louisiana Prisoner #91096<br>VS. | **CIVIL ACTION NO. 09-0163**<br><br>**SECTION P**<br><br>**CHIEF JUDGE JAMES** |
| **WARDEN AVOYELLES CORRECTIONS CENTER** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Ricky Darnell Gray, proceeding *in forma pauperis*, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on January 28, 2009. When he filed this petition, Gray was an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He was incarcerated at the Avoyelles Corrections Center; however, he was unconditionally released from custody on "good time parole" without parole supervision on February 26, 2009 [rec. doc. 12-6, p. 50] and since that date he has provided what appear to be residential addresses first in Ruston, Louisiana and then Dallas, Texas. [rec. docs. 6 and 9] Petitioner complains that his parole was wrongfully revoked by the Louisiana Parole Board in August 2003.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

### *Statement of the Case*

On February 18, 1980, petitioner pled guilty to manslaughter in the Third Judicial District

Court, Lincoln Parish and he was sentenced to serve 21 years. Petitioner was paroled in December 1987 and released to Texas under the terms of an inter-state compact agreement. On October 26, 1989, he was arrested in Texas and charged with possession with intent to deliver drugs. He was found guilty and on February 19, 1990, he was sentenced to serve 16 years in prison. The Louisiana Parole Board placed a detainer with Texas authorities. On October 14, 1991, he was returned to Louisiana custody. On June 16, 1992, the Louisiana Parole Board again granted parole. He expressed a desire to return to Texas but permission was denied by his Louisiana Parole Officer. In November 1992 petitioner was rearrested and charged with First Degree Robbery. In December 1992 Texas authorities were notified of petitioner's arrest and they placed a detainer with Louisiana authorities. In March or July 1993 plaintiff was released and in May 1995 the First Degree Robbery charges were dismissed.

On July 5, 1999, plaintiff was arrested and charged with aggravated assault with a firearm. On July 6, 1999, he pled guilty and received a fine, costs, and a suspended jail sentence. On January 18, 2000, the Parole Board refused to revoke his parole and instead ordered him to complete a 6-month work release program. He was then returned to Texas custody. In March 2000 the Texas parole board continued him on parole. In April 2000 petitioner was enrolled in a halfway house in Dallas. In August 2000 petitioner received a letter from his Louisiana parole officer who advised petitioner to return to Louisiana. In September 2000 petitioner's parole officer caused a warrant of arrest to issue and on September 5, 2002, petitioner was taken into custody on the parole violation warrant by Texas authorities. On May 18, 2003, he was transferred to the Hunt Corrections Center. On August 28, 2003, his Louisiana Parole was revoked for absconding supervision.

Petitioner unsuccessfully sought review of the parole revocation via administrative remedy procedure grievances filed with the Louisiana Department of Corrections and then via a civil action filed in the Nineteenth Judicial District Court, East Baton Rouge Parish, the First Circuit Court of Appeals, and the Louisiana Supreme Court.

Petitioner signed his federal *habeas corpus* petition on January 15, 2009; he apparently mailed his pleadings to the Louisiana Second Circuit Court of Appeals and that Court forwarded the documents to this Court where they were received and filed on January 28, 2009. Petitioner's rambling *pro se* pleadings are difficult to understand; however, it appears that he argues the following claims for relief: (1) the Commissioner and District Judge erred in dismissing petitioner's suit filed in the Nineteenth Judicial District Court because (a) they made erroneous evidentiary rulings; (b) the evidence was legally insufficient to support a conviction; and, (c) legal errors deprived petitioner of a fair trial; (2) there was no proper legal authority to issue a parole violation warrant; (3) Act 138 of 1991, as applied to petitioner, violates the Constitutional prohibition of *ex post facto* laws. Petitioner originally prayed "...that his rights under the United States Constitution be bestowed upon him..." [rec. doc. 1, p. 10] He clarified this cryptic prayer in his original brief in support of habeas corpus by demanding his immediate release from custody. [rec. doc. 1-3, p. 20] In an amended petition filed on August 17, 2009, petitioner prayed for the issuance of "... a writ of *habeas corpus* freeing Petitioner from his unconstitutional confinement..." and for compensatory and punitive damages. [rec. doc. 12, p. 25]

A little more than a month after filing suit, on February 26, 2009, petitioner was released from custody on good time parole without parole supervision and without the possibility of future parole revocation. As a result of his original felony conviction; however, he will be unable

to vote or run for political office until December 22, 2014, the date his original sentence expires. [rec. doc. 12-6, p. 50]

On August 20, 2009, petitioner requested appointment of counsel based upon "the complexity of legal issues," his "lack of legal training and education...", the necessity of ensuring "adequate presentation of the plaintiff's case," and in consideration of petitioner's indigency. [rec. doc. 11]

## Law and Analysis

### 1. Jurisdiction

Petitioner is entitled to *habeas corpus* relief only upon establishing that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A *habeas* petitioner is "in custody" if at the time he files the petition he is (1) in custody pursuant to the conviction he is attacking, or (2) in custody pursuant to another conviction that is positively and demonstrably related to the conviction that he is attacking. *Carter v. Procunier*, 755 F.2d 1126, 1129 (5th Cir.1985). Petitioner thus meets the "in custody" requirement since when he filed his petition he was incarcerated at the Avoyelles Corrections Center.

That fact, however, does not end the inquiry since Article III, Section 2 of the Constitution requires a live case or controversy. *Bailey v. Sutherland*, 821 F.2d 277, 278 (5th Cir.1987). The available evidence establishes that petitioner was released from custody shortly after filing this petition, and therefore, the Court must determine whether petitioner's release from custody rendered his *habeas* petition moot. Mootness, of course, is a jurisdictional issue since federal courts are '... not empowered to decide moot questions or abstract propositions,' *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116, 40 S.Ct. 448, 449, 64 L.Ed. 808 (1920),

4

quoting *California v. San Pablo & Tulare R. Co.*, 149 U.S. 308, 314, 13 S.Ct. 876, 878, 37 L.Ed. 747 (1893).

*Habeas corpus* jurisdiction is not defeated by a petitioner's subsequent release from custody while the petition is pending since it is generally presumed that a wrongful conviction carries with it collateral consequences that survive the expiration of the petitioner's sentence and his release from physical custody. *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). However, if the *habeas* petitioner challenges aspects of his sentence rather than the underlying conviction, the *Carafas* presumption does not apply. See *Lane v. Williams*, 455 U.S. 624, 631, 102 S.Ct. 1322, 1327, 71 L.Ed.2d 508 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot. 'Nullification of a conviction may have important benefits for a defendant ... but urging in a *habeas corpus* proceeding the correction of a sentence already served is another matter.' *North Carolina v. Rice*, 404 U.S. 244, 248, 92 S.Ct. 402, 405, 30 L.Ed.2d 413.")

Thus, while the presumption of adverse collateral consequences applies to criminal <u>convictions</u>, it does not apply in those cases where a parole revocation and not the underlying conviction itself is being attacked. *Spencer v. Kemna*, 523 U.S. 1, 12-14, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). See also *Lane*, 455 U.S. at 632-33, 102 S.Ct. at 1327-28. In *Spencer* the Court imposed a cautious approach to the presumption of collateral consequences; *habeas* petitioners are now required to affirmatively allege and demonstrate the existence of such consequences. *Spencer*, 523 U.S. at 12-14.

Petitioner contends that his parole was erroneously revoked in 2003; his original pleadings sought only his immediate release from custody. On February 26, 2009, he obtained

the relief he prayed for, and there is no additional relief for this court to provide pursuant to §2254. Petitioner was previously directed to "... demonstrate that he is 'in custody in violation of the Constitution and laws of the United States ...'" [rec. doc. 10] However, he has produced no affirmative evidence to establish any collateral consequences associated with the allegedly erroneous revocation of his parole.[1] In other words, his February 2009 unconditional release from the custody of Louisiana's Department of Public Safety and Corrections has rendered his §2254 petition moot. This court lacks jurisdiction and therefore dismissal on that basis is appropriate.

### *2. Request for Damages*

As noted above, petitioner's amended petition also included a prayer for compensatory and punitive damages. [rec. doc. 12, p. 25] Damages are not an available *habeas* remedy. *Nelson v. Campbell*, 541 U.S. 637, 646, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004); *Wolff v. McDonnell*, 418 U.S. 539, 554, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Preiser v. Rodriguez*, 411 U.S. 475, 494, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

### *3. Appointment of Counsel*

Finally, petitioner has requested appointment of counsel based upon "the complexity of legal issues," his "lack of legal training and education...", the necessity of ensuring "adequate presentation of the plaintiff's case," and in consideration of petitioner's indigency. [rec. doc. 11]

The court may appoint counsel to represent an inmate pursuing federal *habeas corpus* relief. 28 U.S.C. § 2254; Rules 6(a) and 8(c), Rules Governing Section 2254 Cases; and 18 U.S.C. § 3006A. Nevertheless, there is no Sixth Amendment right to appointed counsel for

---

[1] The evidence suggests that petitioner will be prohibited from voting or holding public office until December 22, 2014 [rec. doc. 12-6, p. 50]; however, that consequence is collateral to his original felony conviction and is unrelated to the allegedly unconstitutional revocation of petitioner's probation.

prisoners mounting collateral attacks on their convictions or sentences. *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). See also *Wright v. West*, 505 U.S. 277, 293, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992) (no Constitutional right to counsel in *habeas corpus* proceedings); and *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir.1992).

Since an evidentiary hearing has not been ordered, the decision on whether or not to appoint counsel rests in the sound discretion of the trial court. *United States v. Vasquez*, 7 F.3d 81, 84 (5th Cir.1993). In resolving this issue, the court should consider both the legal and factual complexity of the case along with petitioner's ability to prepare and present his claim. *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir.1994). See *Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir.1991)(holding that in the context of a civil rights case, the court should base the decision to appoint counsel on many factors, including the type and complexity of the case; the plaintiff's ability to adequately investigate and present his case; the presence of evidence which consists of conflicting testimony so as to require skill in presentation of the evidence and cross-examination; and the likelihood that appointment will benefit the plaintiff, the court, and the defendants). Petitioner has failed to demonstrate that his case is so legally or factually complex that he is unable to adequately investigate and present his claim, and, in light of this recommendation of dismissal, appointment of counsel would be of no value to the petitioner or the court.

*4. Conclusion, Recommendation, and Order*

Therefore,

Petitioner's request for appointment of counsel [rec. doc. 11] is **DENIED**; and,

**IT IS RECOMMENDED THAT** the instant petition for writ of *habeas corpus* filed

7

pursuant to the provisions of 28 U.S.C. §2254 be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers at Monroe, Louisiana, this 21st day of September, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE